**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MUJAHID TA'LIB DIN,

    Plaintiff,

v.

ASSOCIATE WARDEN S. ALBRITTON
and CORRECTIONAL LT. R. KLUGER,

    Defendants.

No. C 15-6319 NC (PR)

**ORDER OF SERVICE; ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION**

    Plaintiff Mujahid Ta'Lib Din, a California state prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, alleging that Defendants have violated his constitutional rights.[1] Plaintiff is granted *in forma pauperis* status in a separate order. For the reasons that follow, Defendants are directed to file a dispositive motion or notice regarding such motion regarding the claims.

### DISCUSSION

**I. Standard of Review**

    A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief

---

[1] Plaintiff has consented to magistrate judge jurisdiction. (Docket No. 1 at 4.)

may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**II. Plaintiff's Claim**

Plaintiff is a practicing Muslim incarcerated at San Quentin State Prison ("SQSP"). As part of his religious beliefs, plaintiff must pray five times daily at specified times: specifically at Zhur (noon) and Asr (afternoon) prayer during "opening dayroom" when all prisoners are allowed to participate in recreational activities. By doing so, plaintiff believes that he will receive between 25-27 times more blessings during a congregational prayer than during individual prayer. At the time, SQSP staff had imposed a rule prohibiting SQSP Muslim inmates from offering congregational prayer in groups of more than 4 inmates at a time.

Initially, Muslim prisoners on the West Block at SQSP were not permitted to engage in congregational prayer groups with more than 4 Muslim prisoners during "open dayroom" even though a group of about 25 Christian prisoners was simultaneously offering a congregational prayer and was not interrupted by correctional staff. Plaintiff and other Muslim prisoners filed a group administrative grievance, complaining that they were being discriminated against based on their religion. At the third level of review, plaintiff's appeal was granted, and the complaint was referred to the Religious Review Committee. On May 14, 2014, the Religious Review Committee decided to allow Muslim prisoners at SQSP to participate in congregational prayer of no more than 15 prisoners during "open dayroom."

However, on November 17, 2014, Defendants Albritton and Kluger ordered one of the Muslim prisoners, Inmate Saif'ullah, to discontinue offering congregational Zhur and Asr prayer during open dayroom. Plaintiff and the other Muslim prisoners were told that they

could participate in only one congregational prayer per day during "open dayroom" between 7:30 p.m. and 9:00 p.m. Inmate Saif'ullah filed an administrative appeal the next day against Defendants. At the third level of review, Inmate Saif'ullah's appeal was granted, and the warden was ordered to have another Religious Review Committee to modify the May 14, 2014 order in order offer congregational prayer five times a day, especially during "open dayroom."

In the underlying federal complaint, plaintiff alleges that Defendants have refused to comply with this third level of review directive, and prison officials have not conducted a Religious Review Committee meeting. Plaintiff also alleges that Muslim prisoners are currently not allowed to meet in groups of 5 or more for congregational prayer groups while Christians and Jewish prisoners are permitted to meet for congregational prayer as often as they want during "open dayroom."

Liberally construed, plaintiff has stated cognizable claims that defendants violated the First Amendment Free Exercise Clause, First Amendment Establishment Clause, First Amendment right against retaliation, Fourteenth Amendment right to equal protection, and the Religious Land Use and Institutionalized Persons Act.

**CONCLUSION**

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto, a magistrate judge consent form, and a copy of this order to **Associate Warden S. R. Albritton and Correctional Lt. R. Kluger** at **San Quentin State Prison**. The Clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be

3

required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, and Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3. No later than **sixty (60) days** from the date the waivers are sent from the court, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint. **At that time, Defendants shall also file the magistrate judge consent form.**

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

4

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

7. All communications by the Plaintiff with the court must be served on Defendants or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: March 8, 2016

NATHANAEL M. COUSINS
United States Magistrate Judge